# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LARRY NORWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:11-cv-041-JMS-WGH |
| | ) | |
| MR. LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

The pleadings and the expanded record in this action for a writ of habeas corpus brought by Larry Norwood show the following:

1. Norwood is serving the executed portion of a sentence imposed by the United States District Court for the Northern District of Iowa. He was sentenced on September 15, 2004, following his conviction for offenses involving drugs and guns. To conclude the federal prosecution, Norwood had been borrowed from state authorities in Iowa, where he had been serving the executed portions of state sentences imposed on November 25, 2002. Norwood's federal sentence was ordered to run concurrent with the undischarged state term of imprisonment imposed in No. FECR011388.

2. After being sentenced in federal court as just described, Norwood was returned to the custody of state authorities on September 24, 2004. On October 4, 2004, Norwood was granted by the Bureau of Prisons ("BOP") a *nunc pro tunc* designation allowing his federal sentence to be served in the place of service of his Iowa state sentence.

3. On March 14, 2005, Norwood was paroled by Iowa authorities from his state sentence imposed in No. FECR011388 and was taken into federal custody that same date. Once Norwood was received into federal custody, the BOP prepared a sentence computation with respect to Norwood's federal sentence of 141 months.

4. The BOP determined Norwood's federal sentence to have commenced on September 15, 2004, the date it was imposed. The computation gives Norwood the benefit of the *nunc pro tunc* designation already noted. Norwood was given jail credit against his sentence for the period from September 30, 2002, the day after his 90-day sentence imposed by a state court expired, through November 25, 2002, the day Norwood's sentence was imposed in No. FECR011388.

5. Norwood seeks credit against his federal sentence for the period from November 24, 2002, through September 15, 2004. This was a period of time prior to the imposition of the federal sentence. The computation of his federal sentence, however, was performed as prescribed by 18 U.S.C. § 3585(b) and pursuant to applicable BOP program statements. The computation of Norwood's federal sentence has been completely in accordance with these authorities. Norwood was not given credit against his federal sentence for the period of November 26, 2002, through September 14, 2004, because that period was credited against his Iowa sentence in No. FECR011388. To have awarded Norwood the credit he now seeks would be to have awarded him "double credit" for that period of time.

6. Federal law prohibits the award of "double credit." *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000); see also *Chambers v. Holland*, 920 F.Supp. 618, 623 (M.D.Pa.) ("Section 3585 [of Title 18 of the United States Code] does not permit credit on a federal sentence for time served and credited against another sentence."), *aff'd*, 100 F.3d 946 (3d Cir. 1996) (table); *United States v. Labeille-Soto,* 163 F.3d 93, 99 (2d Cir. 1998) (same); *United States v. Kramer,* 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"; court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period"); *United States v. Dennis*, 926 F.2d 768, 769 (8th Cir. 1991)(same).

7. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Norwood has not made such a showing in this case. Accordingly, his petition for writ of habeas corpus must be denied and the action dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 08/30/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana